UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCCANN,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No.:  3:26-cv-01199-JES-VET<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>**[ECF No. 6]** |

Pending before the Court is Plaintiff Steven McCann's ("Plaintiff") motion to remand ("Motion") the matter back to state court. ECF No. 6. Defendant Ford Motor Company ("Defendant" and/or "Ford") filed an opposition, and Plaintiff filed a reply brief. ECF Nos. 7 ("Opp'n"), 8 ("Reply"). On April 29, 2026, the Court heard oral argument on the motion. ECF No. 13. After due consideration and for the reasons discussed below, the Court **GRANTS** Plaintiff's motion to remand this matter back to the San Diego Superior Court.

//

1

## I.    BACKGROUND

On or about September 8, 2025, Plaintiff, a California citizen, leased a new 2025 Ford F-150, vehicle identification number 1FTFW3LD7SFB11783 from Defendant, a Delaware corporation with a Michigan principal place of business. ECF No. 1 ("NOR") ¶¶ 20-21; Opp'n at 2. The lease contract indicates that the Total Gross Capitalized Cost ("GCC") is $78,468.51. *Id.*

Plaintiff filed this Song-Beverly Consumer Warranty Act ("Lemon Law") case in San Diego County Superior Court on December 17, 2025. ECF No. 6-2, ("Mot. Decl."), ¶ 3. Ford removed this action on February 25, 2026, asserting diversity jurisdiction. ECF No. 6-1 ("Mot.") at 2. Plaintiff filed its Motion on March 27, 2026. ECF No. 6.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In a case originally brought in state court, a defendant may remove the action to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

"Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Audo v. Ford Motor Co.*, No. 18cv320-L-KSC, 2018 WL 3323244, at *1 (S.D. Cal. July 6, 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Therefore, the "burden of establishing that removal is proper" always lies with the defendant. *Gaus*, 980 F.2d at 566. If there is any doubt as to the propriety of removal, the court shall reject federal subject matter jurisdiction. *Id.*; *see also Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court.").

3:26-cv-01199-JES-VET

Federal subject matter jurisdiction may arise based on federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332(a). In the notice of removal, Defendant Estée Lauder states that this court has federal subject matter jurisdiction over the matter based on diversity jurisdiction. NOR ¶ 21. The statute requires complete diversity between plaintiffs and defendants. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Further, to satisfy § 1332, the matter in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

Where the complaint does not allege a specific damages amount and plaintiff contests jurisdiction, the defendant must establish the amount in controversy by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F. 3d 696, 699 (9th Cir. 2007). The Court assumes plaintiff's allegations are true and that a jury would return a verdict on all claims. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

### III.    DISCUSSION

#### A. Complete Diversity is Established

Ford is incorporated in Delaware, with its principal place of business in Michigan. NOR ¶ 20. Plaintiff is a California citizen, evidenced by the lease contract showing his Murrieta, California address. *Id.* ¶ 19. Complete diversity is, therefore, established under 28 U.S.C. § 1332(c)(1). *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

#### B. Amount in Controversy is Less than $75,000

Defendant argues that the amount in controversy ("AIC") is at least $78,468.51 for the statutory repurchase of the vehicle. Opp'n at 4. Additionally, Defendant argues that the Complaint requests civil penalties and the statute allows civil penalties of at least two times the statutory repurchase amount. *Id.* at 5. Plaintiff argues that recovery is limited to the vehicle's residual value and civil penalties are not available. Reply at 2-3. Further, Plaintiff argues that Defendant's calculation of attorneys' fees is too speculative. *Id.* at 4.

//

3:26-cv-01199-JES-VET

### 1. Actual Damages

Defendant argues that the vehicle's GCC of $78,468.51 is the repurchase measure. Opp'n at 4. Plaintiff argues the GCC is the inappropriate measure, because it includes $46,843.05 in residual value, which is money that Plaintiff never pays. Reply at 2. The Court agrees.

Under Cal. Civ. Code § 1793.2(d)(2)(B), recovery is limited to the "actual price paid or payable by the buyer." Further, the Ninth Circuit has consistently held that for leased vehicles, Lemon Law damages are limited to amounts actually paid or payable by the lessee, not the total vehicle value or GCC. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that a plaintiff's recovery "is limited to the actual amounts paid and to be paid under the contract, not the vehicle's total contractual value from the manufacturer's perspective."). This is because the GCC includes the residual value, the lessor's retained equity, which the lessee never pays and, therefore, cannot recover.

The GCC is not the proper measure of actual damages for a lessee's Lemon Law claim. *See Id.* Plaintiff signed a three-year lease and the total of the monthly payments during the lease is $35,833.39. Reply at 2. Further, Plaintiff paid $7,254.63 at signing, so the total paid or payable over the 36-month lease is $43,088. *Id.* This is the actual amount paid and to be paid under the contract. Applying the appropriate measure of actual damages yields a figure of $43,088.

### 2. Civil Penalties

Defendant argues that civil penalties of up to two times actual damages are properly included because Plaintiff's complaint expressly prays for the maximum civil penalty under California Civil Code § 1794(c). Opp'n at 5-6. Defendant cites to the Complaint where Plaintiff requests the court award civil penalties against defendant and argues that Plaintiff cannot disavow his own allegations to avoid federal court jurisdiction. *Id.*; *see* ECF No. 1-3 ¶¶ 28, 36, 44 (requesting the court award plaintiff civil penalties against defendant).

3:26-cv-01199-JES-VET

Plaintiff argues two independent grounds for excluding civil penalties: (1) AB 1755, which went into effect on January 1, 2025, amended California Code of Civil Procedure § 871.24(e)(1) to bar civil penalties unless the plaintiff served a pre-litigation demand at least 30 days before filing a complaint and the complaint in this action was filed on December 17, 2025, after the amendment went into effect; and (2) even if civil penalties were available, Defendant's showing is impermissibly conclusory because willfulness cannot be assumed. Reply at 3. The Court agrees.

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). While the Song-Beverly Act does not expressly provide for punitive damages, "[c]ourts have held that the civil penalty under the Song-Beverly Act is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." *Brady*, 243 F. Supp. 2d at 1009 (citations omitted).

Thus, "there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy." *Id.* Accordingly, other courts have factored in the Song-Beverly Act's civil penalties when determining the AIC. *See, e.g., id.*; *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("Song-Beverly civil penalties are akin to punitive damages and ought to be treated the same for the purposes of [amount in controversy] analysis"); *Elenes v. FCA US LLC*, CV 16-05415-CAS (ASX), 2016 WL 6745424, at *5 (C.D. Cal. Nov. 14, 2016) ("Plaintiffs allege that FCA has 'willfully failed to comply with its responsibilities under the Act.' Accordingly, the amount in controversy estimate may include a civil penalty."); *Lawrence v. FCA US LLC*, CV 16-05452-BRO (GJSX), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) ("Combining the possibility of Plaintiff's restitution along with her recoverable civil penalties, the Court finds that it is more likely than not that the amount in controversy under Song-Beverly is $81,554.13").

However, the AB 1755 bar appears to independently preclude civil penalties as a matter of law, and even if not, Ford's conclusory reliance on the complaint's prayer, without

5

3:26-cv-01199-JES-VET

any showing of willfulness, is insufficient. *See Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). Further, at oral argument, Plaintiff stipulated that he is not entitled to civil penalties as a matter of law. Even excluding that stipulation, Plaintiff is correct that Defendant's reliance on the complaint's prayer for relief, without any showing of willfulness, is insufficient. Thus, the Court does not include any civil penalties as part of the AIC.

### 3. Attorneys' Fees

Defendant argues that prospective fees recoverable by statute, which include future attorneys' fees must be considered when assessing the AIC. Opp'n at 6. Plaintiff argues that Defendant's fee projections are speculative, particularly at this early stage of litigation. Reply at 4. Further, Plaintiff argues that Defendant, by making generic references to "similar cases," without identifying any specific case or fee award, fails to carry its burden. *Id*. The Court agrees.

The Ninth Circuit has held that future attorney's fees recoverable by statute must be included in the amount in controversy. *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794-95 (9th Cir. 2018). However, the defendant bears the burden of proving the amount of fees by a preponderance of the evidence. *Id.* "The district court may reject the defendant's attempts to include future attorney's fees in the amount in controversy if the defendant fails to provide any evidence with respect thereto." *Id.* at 795; *see also Kaplan v. BMW of N. Am., LLC*, No. 21-CV-857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021) (a "defendant's attempts to include future attorneys' fees by identifying awards in other cases," must show that the "other cases [are] … similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan*, 2021 WL 4352340, at *6.

In the notice of removal, Defendant states "based on Ford's prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $10,000. Further, Ford's assessment is that this case is not likely to resolve, conservatively including fees from work up for even just 6 months post-removal,

3:26-cv-01199-JES-VET

it would be reasonable to include at least a further $10,000 in fees." NOR ¶ 16. However, Defendant does not identify any case or monetary award, nor how the prior cases are similar to this case, such that it is likely Plaintiff would receive a similar award in this case. Defendant does not make any effort to set forth the value of attorneys' fees that it expects Plaintiff will incur in this matter other than general references to "hundreds of cases." Establishing the amount in controversy cannot rest on "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *see also Lopez v. Walmart, Inc.*, No. 220CV01228GMNVCF, 2021 WL 3566414, at *3 (D. Nev. Mar. 22, 2021) (finding amount in controversy not met where Defendant only proved $48,454.13 in medical expenses but failed to "provide specific calculations for the other forms of requested relief—attorney's fees, pain and suffering, and punitive damages"). Defendant has not met its burden to establish a specific amount for attorneys' fees and the Court does not include attorneys' fees as part of the AIC. In total, the Court calculates $43,088 as the AIC, well below the $75,000 threshold.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to remand this matter back to the San Diego Superior Court. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated:  May 19, 2026



I hereby attest and certify on __May 19, 2026__ that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: __s/ M. Quinata__
        Deputy



_____
Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-01199-JES-VET